UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22548-CIV-KING/BANDSTRA

DEBORAH PINDER,

    Plaintiff,

vs.

BAHAMASAIR HOLDINGS
LIMITED, INC., a foreign corporation,

    Defendant.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on (1) Plaintiff's Motion for Partial Summary Judgment as to Liability (D.E. 33) filed on April 27, 2009; and (2) Defendant's Cross-Motion for Summary Judgment (D.E. 42) filed on May 27, 2009. On May 28, 2009, these motion were referred to United States Magistrate Judge Ted E. Bandstra by the Honorable James Lawrence King for report and recommendation pursuant to 28 U.S.C. § 636(b). Accordingly, the undersigned conducted a hearing on these cross-motions for summary judgment on July 2, 2009. Having considered these motions, all responses and replies thereto, the evidence of record, oral argument of counsel and applicable law, the undersigned respectfully recommends:

    (1) that Plaintiff's Motion for Partial Summary Judgment as to Liability be DENIED; and

    (2) that Defendant's Cross-Motion for Summary Judgment be GRANTED.

## BACKGROUND

On or about September 5, 2008, Deborah Pinder ("plaintiff"), commenced this action in the Eleventh Judicial Circuit Court of the State of Florida, in and for Miami-Dade County, seeking damages and other relief against Bahamasair Holdings Limited, Inc. ("Bahamasair" or "defendant") arising out of her alleged unlawful and retaliatory termination in violation of the Florida Whistleblower Act, Fla.Stat. §§ 448.102, *et seq.*[1] Plaintiff, an employee of Bahamasair for approximately 25 years, alleges that she was terminated in retaliation for objecting to Bahamasair's routine violations of federal airline regulations including the Airline Passenger Information System ("APIS"). Specifically, plaintiff alleges that on April 16, 2008, she sent a letter entitled "Incident Report of APIS Breach" to Ms. Glenda Pletcher, Miami Station Manager, advising her of an incident that occurred the previous day on Bahamasair Flight 230 wherein a passenger had been incorrectly checked in using a different name and passport by another manager. Plaintiff acknowledges that the issue was corrected, but only after the flight was secured and permitted to disembark without an accurate passenger manifest in violation of APIS. Cpt., ¶ 11. Plaintiff copied the letter to John Devine, a Transportation Safety Administration ("TSA") officer. Cpt., ¶ 12. On May 13, 2008, plaintiff was informed via letter from Bahamasair that she was being terminated because she copied the letter to TSA and that

---

[1] On September 15, 2008, defendant removed this action to this Court pursuant to 28 U.S.C. § 1441(d) on the basis that it is a foreign state as defined in 28 U.S.C. § 1603(a) and (b) in that it is an agency or instrumentality of the government of The Bahamas.

her motive in so doing was to harm the company. Cpt., ¶ 14.

Based on the foregoing allegations and other alleged wrongdoing on the part of Bahamasair, plaintiff alleges that Bahamasair violated the Florida Whistleblower Act by terminating her employment in retaliation for objecting, in writing, to her employer's violation of federal law and regulations. Cpt., ¶¶ 21-25.

On November 7, 2008, Bahamasair filed its Answer and Affirmative Defenses, essentially denying plaintiff's allegations and raising certain affirmative defenses.

On April 27, 2009, plaintiff filed the instant Motion for Partial Summary Judgment as to Liability arguing that there are no genuine issues of material fact and that she is entitled to judgment as to liability as a matter of law. Specifically, plaintiff argues that the undisputed evidence of record establishes that Bahamasair violated Florida's Whistleblower Act when it terminated her employment for objecting in her letter to Bahamasair's repeated violation of the APIS Regulations.

On May 27, 2009, Bahamasair filed its Cross-Motion for Summary Judgment in its favor, arguing that it is entitled to summary judgment based on plaintiff's deposition testimony which demonstrates that plaintiff's letter does not qualify as protected activity under the Whistleblower Act. Bahamasair further argues that summary judgment is appropriate in its favor because plaintiff's letter does not constitute an objection to an activity, policy or practice of her employer. In addition, Bahamasair opposes plaintiff's motion for summary judgment based on the letter, deposition testimony and other evidence in the record giving rise to the issues addressed below.

## STANDARD OF REVIEW

The court in reviewing a motion for summary judgment is guided by the standards set forth in Rule 56( c) of the Federal Rules of Civil Procedure which provides as follows:

> .... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law ....

The moving party bears the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 90 S.Ct. 1598, 1608 (1970). Further, in addressing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982), citing, Adickes v. S.H. Kress & Co., 398 U.S. at 157, 90 S.Ct. at 1608; Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). If the record presents issues of material fact the court must deny the motion. Adickes v. S.H. Kress & Co., 398 U.S. at 157, 90 S.Ct. at 1608. The non-moving party, however, cannot rest upon mere allegations, but must rebut any facts properly presented by the moving party through affidavits or other evidence demonstrating the existence of a genuine and material issue of fact for trial. Id. at 398 U.S. 155, 90 S.Ct. at 1607. Moreover, summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552-53 (1986).

If the moving party does not bear the burden of proof at trial, it satisfies its initial burden on summary judgment by either of two methods: (1) by producing affirmative evidence negating a material fact that is necessary to the non-movant's case, thus demonstrating that the non-moving party will be unable to prove its case at trial, or (2) by affirmatively showing the absence of evidence in the record to prove a fact necessary to the non-movant's case, and thus to support a judgment for the moving party on the issue in question. Fitzpatrick v. city of Atlanta, 2 F.3d 1112, 115-16 (11th Cir. 1993). If the moving party uses the first method, the non-moving party "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to negated." Id. at 1116. If the second method is used, the non-moving party may either demonstrate that the record contains evidence that was "overlooked or ignored" by the movant, or by "com[ing] forward with additional evidence sufficient to withstand a directed verdict at trial based on the alleged evidentiary deficiency." Id.

While the burden on the movant is great, the non-moving party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252. A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is "merely colorable" or "not significantly probative" is not enough. Id.; see also Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment). The non-movant may not rest on mere allegations at this point, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343 (1996).

## STATEMENT OF FACTS[2]

1. Plaintiff was an employee of Bahamasair for approximately twenty-five (25) years. See Fowler Depo, pg. 76 (D.E. 33, Exh. A).

2. Plaintiff's last position at Bahamasair was as a Customer Service Supervisor. See Fowler Depo., pgs. 15-16 (D.E. 33, Exh. A.)

3. On April 16, 2008, plaintiff sent a letter entitled "Incident Report of APIS Breach" to Ms. Glenda Pletcher, Miami Station Manager, advising her of an incident that occurred the previous day on Bahamasair Flight 230 concerning a passenger who had been incorrectly checked in using a different name and passport by another manager. See D.E. 33, Exh. 4.

4. Plaintiff copied the letter to John Devine, a Transportation Safety Administration ("TSA") officer. Id.

5. Plaintiff was terminated from Bahamasair on May 13, 2008 for copying the April 16th letter to TSA. Bahamasair believed plaintiff's motive in copying the letter to TSA was malicious and intended to harm the company. See D.E. 33, Exh. 5.

6. Bahamasair is governed by, and required to follow, federal air safety laws and regulations. Among these regulations are those implementing the Airline Passenger Information System ("APIS"). See 19 C.F.R. §§ 122.71 et seq.

7. APIS regulations require, inter alia, that airlines transmit proper and accurate passenger manifests to the appropriate government agency prior to the aircraft being

---

[2] These factual statements are based on the affidavits, deposition transcripts, documentary evidence and other discovery materials included with or referred to by the parties in conjunction with these cross-motions for summary judgment.

secured for departure from the United States.  See 19 C.F.R. § 122.75a(b).

## ANALYSIS

Plaintiff brings this action solely under the Florida Whistleblower Act, Fla. Stat. 448.102 which states:

> An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into any alleged violation of a law, rule, or regulation by the employer.
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

The Act further provides that:
> An employee may not recover in any action brought pursuant to this subsection if he or she failed to notify the employer about the illegal activity, policy, or practice as required by §448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act. Fla.Stat § 448.103(1)(c).

The FWA was enacted "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." Rutledge v. SunTrust Bank, 262 Fed.Appx. 956, 958 (11th Cir. 2008)(quoting Jenkins v. Golf Channel, 714 So.2d 558, 563 (Fla. 5th DCA 1998)). The Eleventh Circuit has held that "the summary judgment analysis for a Title VII retaliation claim should be applied to a claim for retaliatory discharge under

the Florida Whistleblower Act." Rutledge v. SunTrust Bank, 262 Fed.Appx. 956. 958 (11th Cir. 2008) (*citing* Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950-51 (11th Cir. 2000)). In order to establish a *prima facie* case under the FWA, plaintiff must establish: (1) that she participated in statutorily protected expression; (2) that an adverse employment action occurred; and (3) that there was a causal link between the participation and the adverse employment action. See Padron v. BellSouth Telecommunications, 196 F.Supp.2d 1250 (S.D. Fla. 2002), *citing* Bigge v. Albertsons, Inc., 894 F.2d 1497, 1501 (11th Cir.1990) (quoting Simmons v. Camden County, Bd. of Education, 757 F.2d 1187, 1189 (11th Cir.1985)) (quoting Whatley v. Metropolitan Atlanta Rapid Transit Authority, 632 F.2d 1325, 1328 (5th Cir. Unit B, 1980)). "Statutorily protected participation is established if [plaintiff can show that she opposed an unlawful employment practice which she reasonably believed had occurred." Padrone at 155; *citing* Wu v. Thomas, 863 F.2d 1543, 1549 (11th Cir.1989).

In this case, the parties agree that plaintiff's April 16th letter does not qualify as protected under subsection (1) of §448.102 for at least two reasons. First, the letter was not under oath. See D.E. 33, Exh. 4; Plaintiff's Depo., pg. 94 (D.E. 42, Exh.A). Second, plaintiff did not afford Bahamasair a reasonable opportunity to correct any activity, policy or practice which plaintiff believed was in violation of a law, rule or regulation. The parties also agree that the April 16th letter does not qualify as protected under subsection (2) of §448.102 because at the time plaintiff wrote and/or mailed the letter, the TSA was not conducting an investigation into Bahamasair. The record is simply devoid of evidence establishing that plaintiff's letter falls within to the scope of Fla.Stat. §§ 448.102(1) or

8

448.102(2). Thus, plaintiff alleges that she engaged in statutorily protected activity solely under subsection (3) of §448.102.

In order to establish that plaintiff engaged in statutory protected activity under subsection (3), she must show that she objected to or refused to participate in (I) an illegal activity, policy or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer. See McIntyre v. Delhaize America, Inc., 2009 WL 1039557 (M.D. Fla.), (citing Susan v. Nova Southeastern University, 723 So.2d 933, 934 (Fla. 4th DCA 1999)). Thus, a violation of law by an employee as opposed to a defendant employer is irrelevant to, and cannot support a claim under the FWA. See Douberly v. Burger King Corp., 2007 WL 1175757 (M.D. Fla. 2007).

Plaintiff concedes that the only activity she considers to be protected under subsection (3) is her April 16th letter entitled, "Incident Report of APIS Breach." The letter which was sent to both Bahamasair's management official and TSA, details a single incident which occurred the previous day whereby Sharon Jones, a Bahamasair manager, checked in a passenger using another individual's name and passport number. The letter goes on to state that this incorrect processing of a passenger and the resulting incorrect manifest constitutes a breach of security and an "obvious violation of U.S. federal and commercial airline procedural protocols." See D.E. 33, Exh. 4. Plaintiff further acknowledges in the letter that she was previously disciplined by Bahamasair under similar circumstances and urges that "the procedures and policies of this airline [be] applied uniformly." Id. In plaintiff's view, this letter constitutes an "objection" to Bahamasair's

ongoing violations of aviation safety regulations which satisfies the first prong of §448.102(3). See Padrone v. Bellsouth Telecommunications, 196 F.Supp.2d at 1255-56 ("The signing and sending of a letter detailing legal abuses by [an employer] satisfies this first prong.)

Plaintiff further argues and Bahamasair does not dispute that plaintiff was subjected to an adverse employment action when she was terminated on May 13, 2008. "It is undisputed that Plaintiff was fired and that termination is an 'adverse employment action.'" Padrone, 196 F.Supp.2d at 1256. Accordingly, the undersigned finds that the second prong of plaintiff's FWA claim is satisfied.

The undersigned further finds that the third prong of plaintiff's FWA claim is also satisfied. The undisputed evidence reflects that plaintiff was terminated on May 13, 2008 solely because she sent the April 16th letter to TSA. As stated in the letter itself, ". . . we have decided further and more severe disciplinary action is warranted based on your sending a copy of your letter to TSA." See D.E. 33, Exh. 5. The finding is further supported by the testimony of John Fowler, Bahamasair's Chief Customer Service Officer and Corporate Secretary, who testified that plaintiff was fired because of Bahamasair's belief that she intended to harm the company by sending a copy of the letter to TSA. See Fowler Depo., pgs. 17-18 (D.E. 33, Exh. A). Thus, plaintiff's termination and her April 16 letter were causally related.

Having found that plaintiff's letter satisfies the second and third prongs of proof in establishing her FWA claim, the undersigned next addresses the central issue in this case;

*i.e.*, whether plaintiff's April 16th letter constitutes statutorily protected activity under §448.102(3). As discussed above, plaintiff maintains that the letter constitutes an "objection" to Bahamasair's ongoing violations of aviation safety regulations which satisfies the first prong of §448.102(3).

In contrast, Bahamasair argues that the letter does qualify as an objection to any illegal activity, policy, or practice of Bahamasair. Specifically, Bahamasair argues that the letter does not qualify as an "objection" within the meaning of §448.102(3) because the word "object" does not appear in the letter. Bahamasair further argues that plaintiff admits that she did not object to any illegal activities of Bahamasair based on plaintiff's deposition testimony wherein she responded "no" to defense counsel's question " Did you object to any illegal activity that Bahamasair, that you believe Bahamasair was committing?" See Plaintiff's Depo., pg. 95 (D.E. 42, Exh. A). In addition, Bahamasair argues that even if plaintiff's letter can be construed as an objection, the letter does not constitute protected activity because it does not complain of any alleged illegal activities of plaintiff's employer, but rather those of a specific employee of Bahamasair.

Reviewing these arguments, the evidence presented and applicable law, the undersigned first finds that plaintiff's April 16th letter constitutes an objection within the scope of §448.102(3), despite the fact that the word "object" is not actually stated in the letter. Indeed, the undersigned finds Bahamasair's argument on this issue to be weak in view of the lack of any legal authority in support of this position and this Court's obligation to construe the FWA liberally in favor of plaintiff. See Schultz v. Tampa Elec. Co., 704 So.2d 605, 606 (Fla. 2d DCA 1997) (courts are "required to construe the whistle blower act

liberally because it is a remedial statute.") Bahamasair is wrong in suggesting that the statute requires an employee to actually utilize the word "object" in order to avail oneself of the statute's remedial protection. Liberally construing plaintiff's letter, the undersigned finds that it clearly expresses a form of disapproval sufficient to constitute an objection[3] under the statute.

Equally unavailing is Bahamasair's reliance on plaintiff's deposition testimony to support its argument that plaintiff did not object to any illegal activity. Defense counsel's question tracked the language of the statute and was clearly designed to draw an improper legal conclusion from plaintiff. Moreover, plaintiff's testimony was subsequently clarified by the submission of two errata sheets which explain that her negative response was intended to be limited to the day of the subject incident. See D.E. 42, Exh. N & O. Accordingly, the undersigned finds that plaintiff's letter constitutes an objection under the FWA and that plaintiff's deposition testimony alone does not invalidate plaintiff's claim under §448.102(3).

The undersigned further finds, however, that the letter does not qualify as protected activity under the Act because plaintiff was not objecting to an activity, policy or practice of her employer, Bahamas Air. Rather, the letter complains of the activities of a Bahamasair's employee; not Bahamasair itself. In so finding, the undersigned notes that the April 16th letter is entitled "Incident Report of APIS" and details a breach in security procedures by

---

[3] The term object is commonly defined as "to express or feel disapproval, dislike or distaste." See Dictionary.com; based on the Random House Dictionary, Random House, Inc. 2009.

Sharon Jones, an employee of Bahamasair. See D.E. 33, Exh. 4. The letter states that this incident was a "clear breach . . . [of] Bahamasair security operation protocols." Id. The letter also acknowledges "the airlines efforts to operate within the TSA guidelines." Id. Plaintiff goes on to claim that there was an intentional violation by some employees to "undermine both Bahamasair and U.S. border security with impunity." Id. These statements demonstrate that plaintiff was not objecting to Bahamasair violations of the law or any APIS regulations. Rather, plaintiff was pointing out an alleged error or violation by a fellow employer and then urges Bahamasair to discipline such employees on a uniform basis. Id.

Significantly, the record also reflects that Bahamasair reprimanded or took other corrective action with respect to Ms. Jones as well as other employees who allegedly violated TSA and/or APIS regulations. See D.E. 33, Exh. H. Indeed, it is undisputed that the subject incident complained about by plaintiff was corrected with the submission of a revised manifest and that Ms. Jones received a discipline letter for her actions. See Kerr-Teele Depo., pgs. 74-75 (D.E. 33, Exh. B.).

In view of the foregoing evidence, the undersigned finds that the conduct for which plaintiff complains of is that of a Bahamasair employee and not of her employer. Plaintiff has failed to point to any activity, policy or practice of Bahamasair which supports the violations of APIS or TSA. Moreover, plaintiff has failed to demonstrate that Bahamasair's employees' illegal activities were ratified or condoned by Bahamasair. Indeed, the evidence reflects that Bahamasair took corrective action to rectify any violations.

While plaintiff argues that her April 16th letter details Bahamasair's ongoing violation of air safety and APIS regulations, the letter on its face demonstrates otherwise. Plaintiff argues that Bahamasair, like all other companies, operated through its employees and, thus, cannot shift blame to its employees who are acting within the scope of their employment. Although true, this argument does not establish that plaintiff objected to an illegal policy or practice of Bahamasair. Again, plaintiff's letter merely reports an alleged incident of an employee who allegedly violated an APIS regulation which violated Bahamasair's policy and was not condoned by this company.

In summary, the undersigned finds that plaintiff has failed to demonstrate that she objected to or refused to participate in an activity, policy, or practice of Bahamasair that violated a law, rule, or regulation. Thus, plaintiff has failed to show that she engaged in a statutorily protected activity. Accordingly, the undersigned concludes that plaintiff has failed to establish a *prima facie* under the FWA so that Bahamasair is entitled to summary judgment.

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends

(1) that Plaintiff's Motion for Partial Summary Judgment as to Liability be DENIED; and

(2) that Defendant's Cross-Motion for Summary Judgment be GRANTED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. sec. 636(b)(1)(c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this 1st day of September, 2009.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
Counsel of record