IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-CV-22548-KING/BANDSTRA

DEBORAH PINDER,

    Plaintiff,

v.

BAHAMASAIR HOLDINGS
LIMITED, INC., a foreign corporation,

    Defendant.

_____\

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon cross motions for summary judgment on liability (DE #33 & 42), which were referred to Magistrate Judge Ted E. Bandstra. Judge Bandstra issued a Report and Recommendation (DE #63) recommending that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted. However, after careful consideration and a *de novo* review, the Court rejects Judge Bandstra's recommendation. For the reasons detailed below, the Court determines that Plaintiff's Motion should be **GRANTED** and Defendant's Motion should be **DENIED**.

I.    **Factual Background**

Plaintiff Deborah Pinder has been an employee of Defendant Bahamasair for approximately 25 years. On April 15, 2008, Plaintiff observed another Bahamasair employee commit a violation of federal airline regulations. The next day, she sent a letter (entitled

1

"Incident Report of APIS Breach") to the Bahamasair Miami Station manager, detailing the events that she witnessed. She simultaneously sent a copy to John Devine, a Transportation Safety Administration (TSA) officer. The letter stated the following: Plaintiff observed Bahamasair Manager Ms. Sharon Jones process a passenger by the name of Randolph McClain for Bahamasair flight #230. Ms. Jones allowed Mr. McClain to board the plane without an e-ticket, under a false name, and without entering McClain's information into the flight's manifest. This was a violation of federal airline regulations, including the Airline Passenger Information System (APIS). After realizing that the violation had occurred, after the flight departed another Bahamasair employee entered the computer system, deleted the false name, and replaced it with McClain's name.

On May 13, 2008, Plaintiff was informed that she was being fired because she sent a copy of the letter to TSA. Thereafter, she commenced this action under the Florida Whistleblower Act ("FWA or the Act"), and the case was removed to this Court on September 15, 2008.

## II.  Summary Judgment Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157

(1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Analysis

The dispute in this case surrounds subsection 3 of the FWA, which provides: "An employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). The FWA was enacted "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public," *Golf Channel v. Jenkins*, 752 So. 2d 561, 562 (Fla. 2000), and is "to be construed liberally in favor of granting access to the remedy." *Molenda v. Hoechst Celanese Corp.*, 60 F.Supp. 2d 1294, 1299 (S.D. Fla.1999); *Schultz v. Tampa Elec. Co.*, 704 So. 2d 605, 606 (Fla. 2d DCA 1997) (courts are "required to construe the whistle blower act

liberally because it is a remedial statute.").

Although there are few Florida cases construing the FWA, the Eleventh Circuit has held that "the summary judgment analysis for a Title VII retaliation claim should be applied to a claim for retaliatory discharge under the Florida Whistleblower Act." *Rutledge v. SunTrust Bank*, 262 Fed. App'x 956, 958 (11th Cir. 2008) (citations omitted). Thus, to establish a prima facie case under the FWA, the plaintiff must show that (1) that there was a statutorily protected expression; (2) that an adverse employment action occurred; and (3) that there was a causal link between the participation and the adverse employment action. *See Padron v. BellSouth Telecomms., Inc.*, 196 F. Supp. 2d 1250, 1256 (S.D. Fla. 2002), *aff'd at* 62 Fed. App'x 317 (11th Cir. 2003). Defendant has conceded that the second and third prongs are satisfied—that is, Defendant admits that Plaintiff was fired because she reported the violation to TSA. However, Defendant disputes that Plaintiff engaged in statutorily protected expression.

To show that she engaged in a statutorily protected activity under the FWA, Plaintiff must show that she "objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." *McIntyre v. Delhaize Am., Inc.* 2009 WL 1039557, *3 (M.D. Fla. 2009) (citing *Sussan v. Nova Se. Univ.*, 723 So.2d 933, 934 (Fla. 4th DCA 1999)).

Defendant makes two arguments for why Plaintiff's letter was not statutorily protected expression. The first argument is that Plaintiff's letter did not constitute an "objection" to a Bahamasair policy or practice. The Court fully agrees with Judge Bandstra's opinion that, consistent with the Court's mandate of liberal construction in favor of granting a remedy, *Molenda*, 60 F.Supp. 2d. at 1299, Plaintiff's letter did in fact constitute an "objection" within the

4

meaning of the statute. *See Padron*, 196 F.Supp. 2d. at 155-56 ("The signing and sending of [a] letter detailing legal abuses by [Defendant] satisfies this first prong."). Therefore, no further discussion is required on that point.

Defendant's second argument is that Plaintiff did not complain of an illegal action by an "employer," but rather only complained of an illegal action by an employee. Judge Bandstra agreed with Defendant on this point; however, the Court disagrees. To construe the actions in this case as not those of an "employer" would be an overly restrictive reading of the statute. The purpose of the FWA is not only to protect employees from unlawful termination, but to encourage employers to abide by the various regulations that govern them. This is especially important when those regulations are designed to protect the public during air travel. A corporation can only act through its employees, and accordingly an employer can only violate regulations through the actions of its employees. To say that the actions of Ms. Jones, the Bahamasair manager who allowed a passenger to board under a false name, were not the actions of Bahamasair would contravene the intent of the statute to protect workers and ensure compliance with safety regulations. Under Defendant's theory, an employee could never, without fear of retaliation, report any regulatory violation by any other employee unless it was committed by a senior corporate executive. Aside from the fact that it is unclear just how high up the corporate ladder such an executive would have to be to qualify as an "employer," there is no indication that the FWA was designed only to protect against violations that come directly from the top. Rather, a more logical reading of the statute is that it was intended to encourage the reporting from within of violations by any employee within the company. Furthermore, it is undisputed that Bahamasair actually violated TSA regulations on the date referenced in

Plaintiff's letter and also on numerous other occasions[1] (DE #33-2, pp. 100-103; DE # 33-3, p. 30-34). Defendant could not and did not argue that it should not be fined by the TSA for those violations because they were not committed by Bahamasair, but rather by one of Bahamasair's employees. Hence, Defendant has acknowledged that it (Bahamasair, not its employee) violated the TSA regulation, and therefore by implication Plaintiff was complaining about a violation committed by Bahamasair itself. Defendant cannot avoid the requirements of the FWA by shifting the blame for its unlawful acts to its employees.

The case of *Taylor v. Mem'l Health Systems*, 770 So. 2d 752 (Fla. 5th DCA 2000) supports this conclusion. In *Taylor*, the plaintiff, a hospital employee, complained to the Department of Business and Professional Regulation that another hospital employee was violating various Florida statutes forbidding sexual misconduct in the practice of medicine, as well as hospital policies requiring the presence of third parties during examinations. *Id.* at 754. The court reversed the grant of summary judgment in favor of the defendant hospital, holding that the plaintiff had stated a *prima facie* case under the FWA. Thus, even in spite of a company policy that forbade the conduct complained of, Florida courts are willing to hold employers liable for FWA violations when one employee complains about the conduct of another employee.

Conversely, Defendant has not identified any case that supports its argument, and the cases it has cited are inapposite. For instance, in *Sussan*, 723 So. 2d at 934, the court affirmed the grant of summary judgment for an employer under the FWA. However, the facts of *Sussan* are distinguishable from those of the instant case. In *Sussan*, the plaintiff accused other

---

[1] Although not specifically articulated, Defendants obliquely reference the argument that it may not have violated TSA regulations, because there is a 24-hour period within which airlines may "cure" this violation. However, not only is that assertion unsupported by any record evidence, it is belied by the language of the regulation. *See* 19 C.F.R. 12.75a(b)(2) (requiring the transmission of the flight manifest "no later than the securing of the aircraft.") *and* 19 C.F.R. 122.49a(a) (defining "securing the aircraft" as "the moment the aircraft's doors are closed"). Defendants do not dispute that the flight manifest was not transmitted before the doors were closed.

employees of stealing from the company, which the plaintiff admitted was not within the scope of their employment. *Id.* Thus, *Sussan* merely stands for the proposition that stealing *from your employer* cannot be deemed an act of the employer. Thus, it has no application to the instant case. Similarly, *Ruiz v. Aerorep Group Corp.*, 941 So. 2d 505 (Fla. 3d DCA 2006), is also distinguishable because it involved an employee committing an intentional battery against the plaintiff, which was not committed within the course and scope of employment and with the purpose of benefitting the interests of the employer. *Id.* at 507 ("Although an employer may be responsible for the actions of an employee under certain circumstances, those circumstances have not been alleged in the instant case."). Defendant's other cited cases are unreported and suffer from the same flaw. *See McIntyre v. Delhaize Am., Inc.*, 2009 WL 1039557 (M.D. Fla. 2009) (employee's conduct of stealing narcotics from a pharmacy was outside legitimate scope of employment); *Kelleher v. Pall Aeropower Corp.*, 2001 WL 485119, *6 -7 (M.D. Fla. 2001) (employee's threats and harassment occurred outside the workplace, were unrelated to employment, and were therefore outside legitimate scope of employment); *Douberley v. Burger King Corp.*, 2007 WL 1175757 (M.D. Fla. 2007) (sexual harassment outside legitimate scope of employment).

Additionally, these cases are not applicable for another reason. Pursuant to the statute, the activity complained of must be in violation of a "law, rule, or regulation," which is defined as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance *applicable to the employer and pertaining to the business.*" Fla. Stat. §§ 448.101-102 (emphasis added). The last phrase of the definition indicates that the conduct complained of must be in violation of a law, rule or regulation that is somehow more specifically applicable to the business, as opposed to the public at large. The TSA regulations at issue in the

7

instant case, for example, are specifically applicable to airlines. On other hand, laws against theft, battery, threats, and sexual harassment are generally applicable laws. Thus, an employee could not state a claim under the FWA for reporting that type of behavior.

Although concluding that Plaintiff has objected to an illegal activity of an employer would normally end the inquiry in Plaintiff's favor, the Court, following the analytical framework set forth in *Sussan* and *McIntyre*, will now determine whether Plaintiff has objected to illegal activity of anyone acting within the legitimate scope of their employment. The Court concludes that she has. "Under Florida law, an employee acts within the scope of his employment 'if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master.'" *Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992) (quoting *Kane Furniture Corp. v. Miranda*, 506 So.2d 1061, 1067 (Fla. 2d DCA1987)). The undisputed facts demonstrate that Ms. Jones's act of checking in a passenger was an act she was hired to perform, it occurred at work and during work hours, and it was motivated by a purpose to serve her employer. Thus, for the additional reason that Plaintiff objected to an illegal activity of an employee acting within the legitimate scope of her employment, Plaintiff has stated a *prima facie* claim under the FWA.

## IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Judge Ted E. Bandstra's Report and Recommendation (DE #63) is hereby **REJECTED.**

2. Plaintiff's Motion for Summary Judgment as to Liability (DE #33) is hereby **GRANTED.**

3. Defendant's Motion for Summary Judgment as to Liability (DE #42) is hereby **DENIED.**

4. A new Scheduling Order on the issue of damages will be set by separate Order of this Court.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 9th day of October, 2009.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:
**Magistrate Judge Ted E. Bandstra**

**Counsel for Plaintiff**
Matthew S. Sarelson
Sarelson Law Firm, P.A.
1401 Brickell Avenue
Suite 510
Miami , FL 33131
3053790305
Fax: 8004219954
Email: msarelson@sarelson.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Michael Adam Shafir
Broad and Cassel
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2100
Miami , FL 33131
305-373-9448
Fax: 305-995-6409
Email: mshafir@broadandcassel.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Counsel for Defendants**

Stuart Arthur Goldstein
9350 S Dixie Highway
Miami , FL 33156
305-670-1222
Fax: 670-7065
Email: sgoldst219@aol.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Blanca Rosa Sordo
Martinez & Sordo, P.A.
9350 S Dixie Highway
10th Floor
Miami , FL 33156
305-671-1307
Fax: 670-7065
Email: blanca@martinezsordolaw.com
ATTORNEY TO BE NOTICED